# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      v.                                          Criminal Action No. 09-CR-125
                                                    Hon. Lawrence E. Kahn

**Selena Hopper,**
                **Defendant.**                Sentencing Memorandum

## SENTENCING MEMORANDUM ON BEHALF OF SELENA HOPPER

Selena Hopper is to be sentenced before this Court on March 2, 2016 pursuant to a plea of guilty she entered on October 14, 2010 to a charge of Conspiracy to Posses with Intent to Distribute 1000 Kilograms of Marijuana 21 U.S.C. Sect 846(b)(1)(A).

This writer, in over 30 years as an attorney, has never seen a case with a longer interval between arrest and sentencing. Specifically, Selena Hopper was arrested nearly 6 years ago in March 2010. She pled guilty within 6 months or so, and now, nearly five and a half years later, she faces sentencing. Except for the last adjournment of a few weeks, all 5 plus years of sentencing adjournments were all the Government's request.

What I do want the Court to know is that Selena Hopper's life circa March 2010 is a 180 degree change from what it is now.

Let me first give the Court a glimpse into Ms. Hopper's life shortly before her arrest. The Government would characterize Ms. Hopper as the common law wife of the head of what can be aptly characterized as a huge marijuana empire ranging from Canada down to New York, Boston, and other Northeast U.S. locations. They would further characterize her involvement as "continued to run things after her then husband (the now infamous Marcel Malachowski) was arrested in November 2008, until her arrest 4 months later.

It is respectfully submitted that the Government's position while not factually inaccurate, is a two dimensional view of a deep and complex situation. There is no evidence to support any notion that

Ms. Hopper was a player or involved in any way in this large marijuana conspiracy before Malachowski was arrested.

So it's November 2008. You're Selena Hopper. You're still in your mid-twenties. You're pregnant with Malachowski's child. You also have another child. Thugs show up at your door wanting Malachowski, and demanding money owed to them – lots of it. Because the success of this, or any large operation, requires putting out a lot of money to make money, Hopper was, it is respectfully submitted, faced to make choices she, maybe naively, thought she would never have to make, and she had to make them fast. And when you have to make big choices fast, it is respectfully submitted that you are apt to make bad choices.

I guess it's easy to be judgmental of Ms. Hopper for being involved with Malachowski and benefitting from the comforts he provided. But it's important to understand that in November 2008, a young, terrified, and very alone Selena Hopper did not perceive that she had a lot of choices. So Ms. Hopper tried to keep things going. She went to Malachowski for information on how to do so. She did so for barely four months when she, too, was arrested. And while the vastness of this conspiracy made Ms. Hopper responsible for a lot of marijuana, she, unlike others, did not grow into her role. While she may, in a perfect world, be perceived to have had other choices, the real world operated to all but force her into the choices that she made for 4 months out of now 35 years of her life. She has spent the last 6 years trying to make up for those 4 months. We submit she has.

Fast forward to now, 2016. A 35 year old Selena Hopper who has finally found her way will stand before you for sentencing. She is now a mature, legitimately and substantially employed woman with three children, and is involved in a long-term stable relationship. This is not the frantic and confused Selena Hopper of 2009-2010. This is the Selena Hopper we have come to know, and that Your Honor will have to sentence next week. For all of the reasons stated heretofore and following, as well as the

Pre-Sentence Investigation Report, it is respectfully submitted that Your Honor, under the "safety value" provisions of 18 USC 3553 (f)(1)-(5) and USSG 5C1(2) sentence defendant to a period of time served, home confinement, and probation.

The pre-sentence report lists defendant's Total Offense Level as 25. It lists her Criminal History Category as a Category I, insofar as she has no prior criminal history. It therefore lists her Guideline Range as 57-71 months.

This sentencing memorandum is submitted on behalf of Selena Hopper in an attempt to ask this Court to consider the imposition of a sentence below the guideline range. For reasons stated and to follow, it is respectfully submitted that such a sentence is warranted.

## THE GUIDELINES, *BOOKER*, AND U.S.C. 3553

In *United States v. Booker*, 543 US 220 (2005), the United States Supreme Court found that mandatory application of Federal Sentencing Guidelines violates the Constitution. Moreover, the Second Circuit has declined to apply a presumption of reasonabless to the application of the Guidelines at sentencing. *United States v. Fernandez*, 443 D.2d 19 (2d Cir. 2006). In fact the Second Circuit has ruled that the sentencing Court need not reconcile the policy statements regarding departures with his own decision as long as the Court has fairly decided to impose such a non-guideline sentence. *United States v. Crosby*, 397 F3d 103 (2nd Circuit 2004).

Under 18 U.S.C. 3553(a), the post – *Booker* sentencing Court should consider the following factors:

   1.) the nature of the circumstances of the offense and the history and characteristics of the offender

   2.) the need for the sentence

   a) to reflect the seriousness of the offense
   b) to afford adequate deterrence
   c) to protect the public
   d) to provide defendant with needed education/training, medical care, or other correctional treating

3.) the kinds of sentences available

4.) the sentencing range established for

a) the applicable category of the offence committed by the applicable category of defense as set forth in the sentencing guidelines;

5.) Any pertinent policy statement issued by the sentencing commission;

6.) The need to avoid sentencing disparities among defendants with similar records who have been found guilty of similar conduct;

7.) The need to provide restitution to any victims of the offense.

With respect to the proposed Guideline Range, it is respectfully submitted that probation has correctly calculated Ms. Hopper's Total Offense Level at a Level 25. However, it is respectfully submitted that a lesser sentence outside the guideline range is warranted for reasons stated and to follow.

## POST-BOOKER SENTENCING CRITERIA

The first factor, and arguably one of the most important factor for the post - *Booker* sentencing Judge to consider is the nature of the offense and the offender. In considering this factor, Your Honor will undoubtedly note several significant mitigating circumstances noted in Ms. Hopper's pre-sentence report.

Selena Hopper is now a 35 year old, gainfully employed mother of 3 in a long-term committed relationship. She had no criminal record before her 4 month involvement in this conspiracy in late 2009-2010, and she has remained crime-free and more for the six years following that time. Her Criminal History Category is not only a Category One, but her total number of criminal history points is zero.

The PSI accurately portrays Ms. Hopper's personal life then and now. Speaking as her Counsel for the last six years, I can tell this Court without hesitation that my Firm and I have grown to care about

and respect her deeply. She is not only a survivor, but a grower, and evolver, and a person who, has given back to society much more than she has taken. As is further seen, she is safety valve eligible.

While the Government, (due to the large amount of marijuana involved in the conspiracy she "inherited") would point toward incarceration, I would respectfully submit that given all the circumstances cited herein, there is no good reason, at this point, to incarcerate Ms. Hopper. It is respectfully submitted that the Guidelines, which are advisory, never contemplated a situation as fully complex as this.

This writer submits to Your Honor that despite having made a very bad choices in a man, (which is certainly not a unique problem) she was never involved in criminal activity until she faced danger and ruin following Malachowski's arrest and incarceration.

Selena Hopper had done a great deal since her arrest to renounce any wrongdoing on her part. She has been a model pre-trial probationer, maintained steady employment, and has continued to be caregiver for her young children. This writer has seen few clients who have learned as much from their mistakes and made amends as Selena Hopper has.

Departure from the Guidelines is permitted when the Court finds a mitigating circumstance of a kind not taken into consideration by the sentencing commission. *United States v. Richardson*, 923 F.2d 13 (2nd Circuit 1991). In the present case Selena Hopper's short-term, emergency role in this offense due to her relationship with the boss, and most importantly her role as an emotional, financial, and physical "lifeline" to her small children, be considered by this Court in dispensing a sentence below the guideline range of community confinement along with a term of probation. This sentence will not harm society and ensure the continued well-being of her family.

Dated: February 24, 2016

                                              Respectfully submitted,

                                              */s/ Electronically Signed*

                                              _____
                                              Cheryl Coleman, Esq.
                                              Federal Bar Roll No.: 511050
                                              Attorney for the Defendant
                                              90 State Street, Suite 1400
                                              Albany, New York  12207
                                              518-436-5790

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

        **v.**                                    **Criminal Action No. 09-CR-125**
                                                            **Hon. Lawrence E. Kahn**

**Selena Hopper,**
                     **Defendant.**          **Attorney Affirmation of Service**

Upon penalty of perjury, I affirm that on February 24, 2016 I served true copies of the Sentencing Memorandum of Cheryl Coleman, Esq., upon Assistant US Attorney Jeffrey Coffman, Hon. Lawrence E. Kahn by Electronically Filing and upon the defendant Selena Hopper by Email.

Dated: February 24, 2016

                                                                                    ***/s/ Electronically Signed***
                                                                                     _____
                                                                                      Cheryl Coleman, Esq.
                                                                                      Federal Bar Roll No.: 511050
                                                                                      Attorney for the Defendant
                                                                                      90 State Street, Suite 1400
                                                                                      Albany, New York 12207
                                                                                      518-436-5790