**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

ARMANDE MILHOUSE,
     *Movant,*

                                 Civil No. _____
     v.                              Crim. No. 09-cr-125 (LEK)

UNITED STATES OF AMERICA,
     *Respondent.*

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

### INTRODUCTION

Petitioner, Armande Milhouse, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

On November 8, 2012, this Court sentenced Milhouse to a term of 82 months' imprisonment after finding that he was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. The Court found Milhouse to be a career offender after adopting the finding of the presentence report that his instant offense was a controlled substance offense and that he had two qualifying prior convictions that supported the career offender enhancement.

In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Milhouse is no longer a career offender because his prior Massachusetts Breaking and Entering conviction does not qualify as a "crime of violence."

In *Johnson,* the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague.  135 S. Ct. 2551, 2557 (2015).  It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness.  Thus, the only remaining question here is whether Milhouse's prior conviction qualifies as a "crime of violence" under the

1

"enumerated offenses" clause or "force" clause (also known as the "elements" clause) of the career offender provision (U.S.S.G. § 4B1.2(a)).  It does not qualify as a "crime of violence" under the enumerated offenses clause because it is not generic burglary of a dwelling, arson, extortion, or use of explosives offense.  Likewise, it does not qualify as a "crime of violence" under the force clause because it does not have as an element the use, attempted use, or threatened us of violent physical force.

Hence, Milhouse does not qualify as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a).

Milhouse's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson*—a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Milhouse respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

## STATEMENT OF FACTS

On September 9, 2011, Milhouse pleaded guilty to conspiracy to possess with intent to distribute and distribute over 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841, 846. On November 8, 2012, this Court sentenced Milhouse to 82 months.   The Court found Milhouse to be a career offender after adopting the finding of the presentence report that his instant offense was a "controlled substance offense" and that he had at least two prior convictions that qualified as either "crimes of violence" or "controlled substance offenses" necessary to support a career offender enhancement.  Specifically, the Court found that Milhouse's prior conviction for Massachusetts Breaking and Entering was a "crime of violence," and his prior conviction for

Massachusetts Possession to Distribute a Class B Drug was a "controlled substance offense." Milhouse has no other convictions that would trigger the career offender guideline.

The Court's application of the career offender enhancement subjected Milhouse to a Sentencing Guidelines range of 188 to 235 months' imprisonment (corresponding to offense level 31 and criminal history category VI).  The Court sentenced Milhouse to 82 months' imprisonment.  Without a career offender finding, Milhouse's guideline range would have been 70 to 87 months' imprisonment (offense level 21, criminal history category V).[1]

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. The Court invalidated the ACCA's residual clause because it denied fair notice and invited arbitrary enforcement and was therefore void for vagueness under the Due Process Clause. Under *Johnson*, the identical residual clause in the career offender guideline is also void for vagueness.  Thus, Milhouse's prior Massachusetts Breaking and Entering conviction no longer qualifies as a "crime of violence," and Milhouse is not a career offender.

**ARGUMENT**

## I.   IN LIGHT OF *JOHNSON*, MILHOUSE DOES NOT QUALIFY AS A CAREER OFFENDER.

A defendant is subject to the career offender guideline if his instant federal offense of conviction is either a "crime of violence" or a "controlled substance offense," and he has at least two such prior convictions.  U.S.S.G. § 4B1.1.  An offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it:

> (1)     has as an element the use, attempted use, or threatened use of physical force against the  person of another [known as the force clause]; or

---

[1] Today, Milhouse's guideline range would be 57 to 71 months (offense level 19, criminal history V), as a result of Amendments 782 and 788 to the Sentencing Guidelines, which reduced most base offenses levels for drug offenses by two levels.

(2)     is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause].

U.S.S.G. § 4B1.2(a) (emphasis added).

The Supreme Court held in *Johnson* that ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which is identical to the residual clause referenced above, was unconstitutionally void for vagueness in all applications.  It follows from *Johnson* that the identical residual clause in the Guidelines is also void for vagueness.  Therefore, an offense can now only qualify as a "crime of violence" if it is either one of the enumerated offenses (burglary of a dwelling, arson, extortion, or use of explosives) or satisfies the force clause. Milhouse's prior Massachusetts conviction does not qualify as one of the enumerated offenses, nor does it satisfy the force clause.  Therefore, Milhouse is no longer a career offender.

**A.      *Johnson* renders the career offender residual clause void for vagueness**.

Milhouse's prior Massachusetts Breaking and Entering conviction cannot qualify under § 4B1.1(a)(2)'s residual clause, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," because that clause is void for vagueness.  In *Johnson*, the Supreme Court declared the identical residual clause of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)) to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557.  Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.*  The Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

*Johnson* applies to § 4B1.2(a)(2)'s residual clause.  The career offender guideline's

residual clause was adopted from and repeats the ACCA's residual clause verbatim.[2]  Because

§ 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, the Second Circuit

interprets the clauses identically. *See United States v. Mead*, 773 F.3d 429, 432 (2d Cir. 2014)

("In interpreting the reach of § 4B1.2(a)(2)'s residual clause, we employ a categorical approach,

with an eye to case law interpreting an identical clause in the ACCA that defines 'violent

felony.'").  In this very context, the courts of appeals have treated the Supreme Court's rejection

of suggestions that the ACCA's residual clause was unconstitutionally vague in *James* and *Sykes*

as binding authority foreclosing any vagueness challenge to the Guidelines' residual clause.[3]

Indeed, the Court in *Johnson* relied on four lower court decisions interpreting

§ 4B1.2(a)(2)'s residual clause (and only two ACCA decisions) to demonstrate that it "has

proved nearly impossible" to "make sense of the residual clause."  *See* 135 S. Ct. at 2559-60

(analyzing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*,

597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010);

---

[2] *See* U.S.S.G., App. C, Amend. 268 (1989).

[3] *See, e.g.*, *United States v. Ramirez*, 708 F.3d 295, 307 n.13 (1st Cir. 2013) (rejecting vagueness challenge to the guidelines' residual clause in light of *James*); *United States v. Van Mead*, 773 F.3d 429, 438 n.7 (2d Cir. 2014) (Supreme Court "implicitly repudiated" any argument that the guidelines' residual clause was void for vagueness); *United States v. Mobley*, 687 F.3d 625, 632 n.7 (4th Cir. 2012) (vagueness challenge to Guidelines' residual clause must be rejected because "the Supreme Court has already determined that the residual clause . . . constitutes an intelligible principle [that] provides guidance that allows a person to conform his or her conduct to the law.") (internal quotations omitted); *United States v. Cowan*, 696 F.3d 706, 708 (8th Cir. 2012) ("based on Supreme Court precedent in *James* and *Sykes*, we conclude that Cowan's argument that § 4B1.2 is unconstitutionally vague necessarily fails"); *United States v. Spencer*, 724 F.3d 1133, 1137-78 (9th Cir. 2013) (claim that § 4B1.2(a)'s residual clause is unconstitutionally vague "foreclosed by Supreme Court precedent [in *James* and *Sykes*]"); *See United States v. Orona*, 724 F.3d 1297, 1311 (10th Cir. 2013) (holding the residual clause not impermissibly vague based on the "[Supreme] Court's consistent rejection of [the] vagueness argument [in *James* and *Sykes*] and the unanimous conclusion of our sibling circuits"); *United States v. Travis*, 747 F.3d 1312, 1314 n.1 (11th Cir. 2014) (vagueness challenge to guidelines' residual clause foreclosed by binding precedent" in *James*).

*United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)).  And the Court has vacated and remanded seventeen lower court decisions in which defendants had been sentenced under § 4B1.2(a)'s residual clause, including five cases on collateral review, in light of *Johnson*.[4]

The Second, Third, Sixth, and Tenth Circuits have held that *Johnson* invalidates the identical language in the Guidelines.[5]  As the Tenth Circuit explained, "Given our reliance on the ACCA for guidance in interpreting § 4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA."[6]  The First, Fifth, and Ninth Circuits have applied *Johnson* to the Guidelines' residual clause based on the government's concession that it is unconstitutionally vague, and remanded for resentencing absent the unconstitutional residual clause.[7]  Consistent with these decisions, the Fourth Circuit has assumed that *Johnson* invalidates the Guidelines residual clause.[8]  The Seventh and Eighth Circuits, the only two that previously held that the

---

[4]  The GVRs include fifteen career offender cases*, see Caldwell v. United States,* 136 S. Ct. 417 (2015); *Banks v. United States*, 136 S. Ct. 365 (2015); *McCarthren v. United States*, 136 S. Ct. 332 (2015); *Gonzales v. United States*, 136 S. Ct. 84 (2015); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Vinales v. United States*, 135 S. Ct. 2928 (2015); *Richardson v. United States*, No. 15-6053, 2016 WL 763200 (S. Ct. Feb. 29, 2016); *Moon v. United States*, No. 15-7189, 2016 WL 1173109 (S. Ct. Mar. 28. 2016); *Jeffries v. United States*, No 15-7300, 2016 WL 1173110 (S. Ct. Mar. 28, 2016); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (§ 2255 motion); *Denson v. United States*, 135 S. Ct. 2931 (2015) (§ 2255 motion) *Jones v. United States*, 135 S. Ct. 2944 (2015) (§ 2255 motion); *Jones v. United States*, 136 S. Ct. 333 (2015) (§ 2255 motion);  *Wynn v. United States*, 135 S. Ct. 2945 (2015) (§ 2255 motion); one § 2K2.1 case, *see Talmore v. United States*, 135 S. Ct. 2937 (2015); and one § 7B1.1 case, *see Cooper v. United States*, 135 S. Ct. 2938 (2015).

[5]  *United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015); *United States v. Pawlak*, __ F.3d __ (6th Cir. May 13, 2016); *United States v. Townsend,* __ F. App'x __, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015); *United States v. Welch*, No. 12-4402, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016).

[6]  *Madrid*, 805 F.3d at 1211.

[7]  *United States v. Soto-Rivera*, 811 F.3d 53, 59 (1st Cir. 2016); Order, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27, 2015); *United States v.* Benavides, 617 F. App'x 790, 790 (9th Cir. 2015); Order, *United States v. Talmore*, No. 13-10650 (9th Cir. Aug. 24, 2015).

[8]  *United States v. Tucker*, __ F. App'x __, 2016 WL 212502, at *1 (4th Cir. Jan. 19, 2016) (affirming

Guidelines were not subject to vagueness challenge, are poised to reject those holdings, and have assumed in the meantime that those decisions are no longer good law after *Johnson*.[9]  Only the Eleventh Circuit has held otherwise, and directed district courts to "still adhere" to decisions overruled by the Supreme Court in *Johnson*, *see United States v. Matchett*, 802 F.3d. 1185, 1195-96 (11th Cir. 2015), notwithstanding that those decisions "have proved to be anything but evenhanded, predictable, or consistent," *Johnson*, 135 S. Ct. at 2563, and "do[] not comport with the Constitution's guarantee of due process," *id*. at 2560.

The Department of Justice has argued across the country that *Johnson* applies to the residual clause.  In a brief filed by the Criminal Division of the Appellate Section of the Department of Justice, the government conceded that *Johnson*'s constitutional holding regarding the ACCA's residual clause applies to the residual clause of the career offender guideline,

---

because even without the prior offense upon which the sentencing court relied, the defendant had been convicted of a drug offense that qualified as a crime of violence).

[9]  The Eighth Circuit explained that its "reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague . . . is doubtful after *Johnson*," but left for the district court to decide in the first instance on remand whether the guidelines' residual clause is unconstitutional. *United States v. Taylor*, 803 F.3d 931, 932 (8th Cir. 2015) (citing *Wivell v. United States*, 893 F.2d 156, 159 (8th Cir. 1990)).  The Seventh Circuit has assumed "that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2." *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015).  It heard oral argument on December 2, 2015 in three cases in which the parties agree that *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012), which held that the guidelines cannot be unconstitutionally vague, is no longer good law in light of *Johnson*.  *United States v. Gillespie*, No. 15-1686; *United States v. Hurlburt*, No. 14-3611; *United States v. Rollins*, No. 13-1731.  The government argues in these cases that "the identical language [in § 4B1.2] is unconstitutionally vague under *Johnson*," that *Johnson* "rejected" *Tichenor's* view that sentencing provisions are not subject to vagueness challenges, and that *Peugh v. United States*, 133 S. Ct. 2072 (2013) "repudiated" its view that the advisory guidelines do not have legal force.  Brief of Plaintiff-Appellee at 9, 13-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015).

§ 4B1.2(a)(2), and to the other guidelines that incorporate that residual clause as well.[10] United States Attorneys' Offices across the country have followed suit.[11]

Thus, Milhouse's prior Massachusetts Breaking and Entering conviction no longer qualifies as a "crime of violence" under the now-void residual clause.

### B.    Milhouse's prior Massachusetts Breaking and Entering conviction does not qualify as a "crime of violence" under the enumerated offense clause.

To determine whether a predicate offense qualifies as a "crime of violence," courts use the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Acosta,* 470 F.3d 132, 135 (2d Cir. 2006). This approach requires that courts "look only to the statutory definitions – *i.e.*, the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence."

---

[10] *See* Supp. Br. for United States at 6-10, *United States v. Pagan-Soto*, No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015).  In addition to the career offender Guideline, the Department of Justice concedes that *Johnson* applies to U.S.S.G. §§ 2K1.3 & cmt. n.2 (explosive materials); 2K2.1 & cmt. n.1 (firearms); 2S1.1 & cmt. n.1 (money laundering); 4A1.1(e), 4A1.2(p) (criminal history); 5K2.17 & cmt. n.1 (departure for semi-automatic firearms); and 7B1.1(a)(1) & cmt. n.2 (probation and supervised release). Id. at 6.

[11] *See* Resp. Brief of the United States at 38, *In re Hubbard*, No. 15-276 (4th Cir. Dec. 21, 2015) ("*Johnson*'s holding that the ACCA residual clause is invalid applies to the identically worded residual clause in the [] career offender guideline"); Brief of the United States, at 38, *Lee v. United States*, No. 15-6099 (4th Cir. Dec. 23, 2015) ("*Johnson* applies to the career offender guideline's residual clause"); Letter Br. for United States, *United States v. Zhang*, No. 13-3410 (2d Cir. Aug. 13, 2015); Supp. Br. for United States, *United States v. Talmore*, No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015); Supp. Letter Br. the United States at 2-4, *United States v. Lee*, No. 13-10507 (9th Cir. Aug. 17, 2015); United States Supp. 28(j) Auth., *United States v. Smith*, No. 14-2216 (10th Cir. Aug. 20, 2015); Appellee's Supp. Br. at 3-10, *United States v. Madrid*, No. 14-2159, 2015 WL 4985890 (10th Cir. Aug. 20, 2015); Supp. Br. for Plaintiff-Appellee United States at 4-8, *United States v. Grayer*, No. 14-6294, 2015 WL 4999426 (6th Cir. Aug. 20, 2015); United States' Supp. Br. at 7-9, *United States v. Goodwin*, No. 13-1466, 2015 WL 4999435 (10th Cir. Aug. 21, 2015); Supp. Letter Br. for United States, *United States v. Matchett*, No. 14-10396 (11th Cir. Aug. 27, 2015); Supp. Letter Br. for United States, *United States v. Townsend*, No. 14-3652, 2015 WL 5112425 (3d Cir. Aug. 28, 2015); Br. of Plaintiff-Appellee at 8-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015); United States' Unopposed Motion to Remand for Resentencing in Light of *Johnson*, at 8-12, *United States v. Estrada,* No. 15-40264 (5th Cir. Oct. 8, 2015).

*Descamps*, 133 S. Ct. at 2283 (citation omitted); *Acosta*, 470 F.3d at 135.  In addition, under the categorical approach, a prior offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute – "including the most innocent conduct" matches or is narrower than the "crime of violence" definition.  *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).  *See also Moncrieffe v. Holder*, 133 S.Ct. 1678, 1685 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)) ("Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense.").  If the most innocent conduct penalized by a statute does not constitute a "crime of violence," of if the statute is simply overbroad, then the statute categorically fails to qualify as a "crime of violence."

At the time of Milhouse's sentencing, the enumerated offense located in the career offender guideline included "burglary of a dwelling, arson, or extortion, or [an offense that] involves use of explosives."  U.S.S.G. § 4B1.2.  Because the Massachusetts Breaking and Entering statute is broader than the enumerated offenses listed in the career offender guidelines, it does not constitute a crime of violence.[12]

Milhouse was sentenced in 2001 following his Massachusetts conviction for what the PSR describes as Breaking and Entering Day Time Intent to Commit Felony, which provides the following:

> Whoever, in the night time, enters a dwelling house without breaking, or breaks and enters in the day time a building, ship or motor vehicle or vessel, with intent to commit a felony, no person lawfully therein being put in fear, shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than five hundred dollars and imprisonment in jail for not more than two years.

---

[12] Plainly, Massachusetts Breaking and Entering lacks an element the use, attempted use, or threatened use of physical force against the person of another, and so does not satisfy the force clause.

> Whoever commits any offense described in this section while armed with a firearm, rifle, shotgun, machine gun or assault weapon shall be punished by imprisonment in the state prison for not less than 7 years or by imprisonment in the house of correction for not less than 2 years nor more than 2 ½ years.

M.G.L.A. 266 § 18.

The First Circuit has held that this statute, along with other similar Massachusetts breaking and entering statutes, "covers multiple crimes." *See United States v. Brown*, 631 F.3d 573, 577 (1st Cir. 2011). Without so concluding, that Court suggested that in "such a multi-clause and string-phrased statute," it may be easy to distinguish the separate crimes of breaking and entering (1) a dwelling house at night, (2) a building during the day, (3) a ship during the day, (4) a motor vehicle during the day, and (5) a vessel during the day. *Id.* (analyzing similar breaking and entering provision of M.G.L.A. 266 § 16). However, the Court was clear that that the term "building" cannot be further subdivided. *Id.* at 578. So, although a defendant may be convicted under § 18 for breaking and entering a "building" during the day for conduct that includes a dwelling, he may also be convicted for breaking and entering a "building" during the day for conduct that includes a "non-dwelling building." Nothing in the statute and nothing in "Massachusetts decisions or jury instructions suggests" that a defendant's conviction under § 18 for breaking and entering a "building" during the day time *necessarily* involved a dwelling, as would be required to constitute a generic burglary offense under U.S.S.G. § 4B1.2. And a jury is not required to unanimously find that the building involved a dwelling. Accordingly, a court cannot employ a modified categorical approach to determine whether Milhouse's conduct involved a dwelling or a non-dwelling building. Therefore, Milhouse's prior Massachusetts conviction is no longer a crime of violence and his designation as a career offender must be removed.

II.     **Milhouse's claim is cognizable under § 2255(a).**

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a).  Milhouse's 82-month sentence was imposed in violation of the Constitution because it was predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process."  *Johnson*, 135 S. Ct. at 2563.  As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in U.S.S.G. § 4B1.2(a).  Thus, Milhouse's claim for relief is cognizable under the plain language of § 2255(a).

This is all that is required.  Because Milhouse's sentence was imposed "in violation of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to ordinary claims of statutory error does not apply.  Only a non-jurisdictional, non-constitutional error of law must constitute "a fundamental defect which inherently results in a complete miscarriage of justice" in order to be cognizable.  *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Davis v. United States*, 417 U.S. 333, 343-344 (1974); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) ("The term 'miscarriage of justice' comes from the Supreme Court's holding that a non-jurisdictional, non-constitutional error of law is not a basis for collateral attack under § 2255 unless the error is 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted).

11

A claim based on *Johnson*, in contrast, is constitutional and therefore cognizable in a Guidelines case.  *See Coleman v. United States*, 763 F.3d 706, 708 (7th Cir. 2014) (although an erroneous determination of an advisory guideline range "generally [is] not cognizable on a § 2255 motion," relief "is available" for "an error of constitutional . . . magnitude"); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that "fundamental defect" standard does not apply to constitutional or jurisdictional error); Order, *Brown v. United States*, No. 15-10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a claim that a defendant was misclassified as a career offender "is generally not cognizable" under circuit law applicable to errors of statutory interpretation, "*Johnson* involved a claim of constitutional error").

Because constitutional claims are always cognizable, and *Johnson*'s constitutional holding applies with equal force to the Guidelines' residual clause, Milhouse's *Johnson* claim is cognizable.

**III.     *Johnson* applies retroactively on collateral review.**

Under the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive."  *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004).  The Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257 (2016), that the new rule announced in *Johnson* is substantive and thus retroactive to cases on collateral review.

First, "[i]t is undisputed that *Johnson* announced a new rule."  *Welch*, 136 S. Ct. at 1264 (citing *Teague*, 489 U.S. at 301) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final")); *see also Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015)("*Johnson* announces a new rule: it explicitly

overrules the line of Supreme Court decisions that began with *Begay*, and it broke new ground

by invalidating a provision of the ACCA."); *In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015)

(same).

Second, the Supreme Court held that "*Johnson* announced a substantive rule that has

retroactive effect in cases on collateral review." *Welch*, 136 S. Ct. at 1268. The Court explained

that "whether a new rule is substantive or procedural" is determined "by considering the function

of the rule," *id*. at 1265, which "depends [] on whether the new rule *itself* has a procedural

function or a substantive function—that is, whether it alters only the procedures used to obtain

the conviction, or alters instead the range of conduct or class of persons the law punishes," *id*. at

1266 (emphasis added).

Applying this test, the Court explained that "[b]y striking down the residual clause as

void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act,

altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id*. at 1265

(quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The Court concluded:

> The residual clause is invalid under *Johnson*, so it can no longer mandate or
> authorize any sentence. *Johnson* establishes, in other words, that "even the use of
> impeccable factfinding procedures could not legitimate" a sentence based on that
> clause. It follows that *Johnson* is a substantive decision.

*Id*. (internal citation omitted). "By the same logic, *Johnson* is not a procedural decision" because

it "had nothing to do with the range of permissible methods a court might use to determine

whether a defendant should be sentenced under the Armed Career Criminal Act," but instead

"affected the reach of the underlying statute rather than the judicial procedures by which the

statute is applied." *Id*.

Notably, the Court said nothing whatsoever to limit its holding or reasoning to ACCA

cases. In fact, *Welch* made clear that the relevant "category" for retroactivity purposes is the

"rule," not the kind of case in which it is invoked.  The Court framed the question as whether the "new *rule* falls within one of the two *categories* that have retroactive effect under *Teague*," defined as "categories of *decisions*" that are "substantive *rules*" or "watershed *rules* of criminal procedure," *Welch*,  136 S. Ct. at 1264 (internal citations and quotation marks omitted) (emphases added).  Accordingly, the substantive *rule* announced in *Johnson* is categorically retroactive to all cases in which it applies,[13] and, as demonstrated above, *Johnson* applies to the Guidelines. That *Johnson* applies retroactively to both ACCA and Guidelines cases on collateral review is further supported by the fact that the Supreme Court granted *certiorari* for the purpose of vacating and remanding in light of *Johnson* in five cases involving collateral attacks where the prisoner was sentenced under the Guidelines.[14]

Indeed, every court of appeals that has decided the issue has held that new rules that narrow the ACCA's definition of "violent felony" by interpreting its terms apply retroactively to Guidelines cases on collateral review.  *See United States v. Doe*, 810 F.3d 132, 154 & n.13 (3d Cir. 2015) (holding that *Begay v. United States*, 553 U.S. 137 (2008) applies retroactively in Guidelines cases, and noting that "[u]nder *Teague*, either a rule is retroactive or it is not");

---

[13]  *See Davis v. United States*, 564 U.S. 229, 243 (2011) (retroactivity is a "categorical matter"); *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive] must be applied in . . . all federal habeas corpus proceedings.").  *In Teague v. Lane*, 489 U.S. 288 (1989), the Court held that new rules must be applied retroactively to all "similarly situated" defendants.  *Id.* at 316.  Defendants are "similarly situated" when they are at the same stage of the proceedings and rely on the same new rule.  *Id.* at 315.

[14]  *See Jones v. United States,* 136 S. Ct. 333 (2015) (vacating *Jones v. United States,* 597 F. App'x 1064 (11th Cir. 2015) (affirming denial of § 2255 motion))*; Denson v. United States*, 135 S. Ct. 2931 (2015) (vacating *Denson v. United States*, 569 F. App'x 710 (11th Cir. 2014) (same)); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (vacating *Beckles v. United States*, 579 F. App'x 833 (11th Cir. 2014) (same)); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (vacating order in *Wynn v. United States*, No. 13-4167 (6th Cir. Oct. 10, 2014) (same)); *Jones v. United States*, 135 S. Ct. 2944 (2015) (vacating order in *United States v. Jones*, No. 14-2882 (3d. Cir. Feb. 20, 2015) (denying certificate of appealability to appeal denial of § 2255 motion)).

*Narvaez v. United States*, 674 F.3d 621, 625-26 (7th Cir. 2011) (holding that *Begay* and

*Chambers v. United States*, 555 U.S. 122 (2009) are "substantive decisions that 'prohibit[] a

certain category of punishment for a class of defendants because of their status or offenses,'" and

thus apply retroactively in Guidelines cases); *Brown v. Caraway*, 719 F.3d 583, 594–95 (7th Cir.

2013) (same); *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011) (holding

that decision limiting the definition of burglary under the ACCA is substantive because "it

altered the conduct that substantively qualifies as  burglary," and thus applies retroactively in

Guidelines cases); *Rozier v. United States*, 701 F.3d 681 (11th Cir. 2012) (taking it "as a given,

that the Supreme Court's" decision narrowing the ACCA's elements clause "is retroactively

applicable" in Guidelines cases).[15]

Most courts of appeals have followed the same approach regarding the rule announced in

*Johnson*.  The Fifth Circuit has authorized second or successive § 2255 motions in Career

Offender cases because "*Johnson* announced a new rule of constitutional law that has been made

retroactive by the Supreme Court to cases on collateral review."  *In re Holston*, No. 16-50213

(5th Cir. May 17, 2016) (citing *Welch*, 136 S. Ct. at 1268); *see also In re Rodriguez*, No. 16-

10393 (5th Cir. May 17, 2016).  The Sixth Circuit held in an ACCA case that *Johnson*

announced a substantive rule that is "categorically retroactive" to cases on collateral review, *see*

*In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015), then authorized second or successive § 2255

motions in Career Offender cases because *Johnson* announced "a new, retroactively applicable,

rule of constitutional law."  *In re Grant*, No. 15-5795, slip op. at 2 (6th Cir., March 7, 2016); *see*

---

[15]  *Cf. United States v. McLamb*, 1996 WL 79438, at *3 n.4 (4th Cir. 1996) ("*Teague* does not bar the
retroactive application on collateral review of a decision concerning the reach of a federal statute, or as
here, a sentencing guideline."); *Oliver v. United States*, 90 F.3d 177, 179 & n.2 (6th Cir. 1996) (holding
that decision requiring courts to calculate guideline range based on actual weight of harvested marijuana
plants was "not barred by *Teague*" because it did not announce a "rule of criminal procedure").

*also In re Swain*, No. 15-2040, slip op. at 3-4 (6th Cir. Feb. 22, 2016); *United States v. Ruvalcaba*, No. 15-3913 (6th Cir. March 24, 2016); *In re Homrich*, No. 15-1999, slip op. at 2-3 (6th Cir. March 28, 2016).  The Seventh Circuit held in an ACCA case that *Johnson* "announced a new substantive rule" that is "categorically retroactive," *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015), then authorized numerous second or successive § 2255 motions in Guidelines cases because "*Johnson* announced a new substantive rule of constitutional law" that is "categorically retroactive." *Stork v. United States*, No. 15-2687, slip op. at 1 (7th Cir. Aug. 13, 2015); *see also, e.g.*, *Best v. United States*, No. 15-2417, slip op. at 1–2 (7th Cir. Aug. 5, 2015); *Swanson v. United States*, No. 15-2776, slip op. at 1 (7th Cir. Sept. 4, 2015); *Zollicoffer v. United States*, No. 15-3125, slip op. at 1 (7th Cir. Oct. 20, 2015); *Spells v. United States*, No. 15-3252, slip op. at 1 (7th Cir. Oct. 22, 2015).  The Tenth Circuit has authorized second or successive § 2255 motions in Career Offender cases because "[t]he Supreme Court recently made *Johnson*'s holding retroactive to cases on collateral review in *Welch*."  *In re Encinias*, __ F.3d__, 2016 WL 1719323, at *2 (10th Cir. Apr. 29, 2016); *see also In re Bloomgren*, No. 16-8039 (10th Cir. May 9, 2016); *In re Daniels*, No. 16-3093 (10th Cir. May 6, 2016); *In re Anderson*, No. 16-7038 (10th Cir. May 17, 2016).[16]  And the Fourth Circuit has recently held that *Johnson* applies

---

[16] The Eleventh Circuit held in a Guidelines case that *Johnson* is substantive because it "narrowed the class of people who are eligible for an increased sentence under the [ACCA]," *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015), and noted that if petitioner were "seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively," *id.* at 991, but held that the Supreme Court had not "made" *Johnson* retroactive for purposes of a second or successive motion, *id.* at 989-90. After *Welch* overruled its holding that the Supreme Court had not "made" *Johnson* retroactive, the Eleventh Circuit, over dissent, denied a second or successive motion in a *pro se* case because *Johnson* would be "procedural" as-applied to the Guidelines.  *In re Cantillo*, No. 16-11468, slip op. at 9-11 (11th Cir., May 2, 2016); *but see id.* at 19-21 (Martin, J., dissenting).  The Eighth Circuit denied a successive motion in a pre-*Welch* order based on the government's argument in a *pro se* case that an "extension of the rule in *Johnson* would not be a new substantive rule."  *Richardson v. United States*, 623 F. App'x 841 (8th Cir. Dec. 16, 2015).

retroactively to career offender cases. *See In re Creadell Hubbard*, No. 15-276, __F.3d__, 2016 L3181417 (4th Cir. Jun. 8, 2016)

*Johnson* applies retroactively to ACCA and Guidelines cases alike and therefore to this case.

## IV.     This motion is timely under 28 U.S.C. § 2255(f)(3).

This motion is also timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Milhouse filed his claim within a year of that date. As discussed above, the Supreme Court recognized a new right in *Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

## CONCLUSION

For the reasons set forth above, Milhouse respectfully asks this Court to vacate his sentence and schedule a new hearing so that he can be resentenced without application of the career offender provision.

Respectfully submitted,

*/s/*
Lisa A. Peebles
Federal Public Defender
Bar Roll No. 507041
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080